# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOYLE WAYNE DAVIS,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>JAMES A. YATES, Warden,<br><br>　　　　　　Respondent.<br>_____/ | CV F   06-0371 AWI DLB HC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PETITION FOR WRIT OF HABEAS CORPUS<br><br>[Doc. 1] |

　　　　Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

　　　　Petitioner filed the instant petition on April 4, 2006.  Petitioner contends that his previous federal petition for writ of habeas corpus was dismissed on untimeliness grounds.  Petitioner contends that the recent Ninth Circuit opinion of Gaston v. Palmer, 417 F.3d 1030 (9th Cir. 2005), renders the prior petition timely.  A review of this Court's docket indicates that Petitioner did, in fact, file a prior petition for writ of habeas corpus pursuant to § 2254, in Doyle Wayne Davis v. E. Roe, CV-F-01-5961 LJO HC, which was dismissed as untimely on June 18, 2002, and judgment was entered on June 24, 2002.  Petitioner filed a notice of appeal on June 28, 2002, and the Ninth Circuit Court of Appeals denied a certificate of appealability on May 27, 2003.

**DISCUSSION**

　　　　Because the current petition was filed after April 24, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to Petitioner's current petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997). A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition.  28 U.S.C. § 2244(b)(1).  The court must also dismiss a second or successive petition raising a new ground unless the petitioner

can show that 1) the claim rests on a new, retroactive, constitutional right or 2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). However, it is not the district court that decides whether a second or successive petition meets these requirements, which allow a petitioner to file a second or successive petition.

Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court.  See Felker v. Turpin, 518 U.S. 651, 656-657 (1996).  This Court must dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997); Greenawalt v. Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997), *cert. denied*, 117 S.Ct. 794 (1997);  Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996).

A second or successive petition for habeas corpus is not considered "successive" if the initial habeas petition was dismissed for a technical or procedural reason versus on the merits. See Slack v. McDaniel, 529 U.S. 473, 485-87 (2000) (holding that a second habeas petition is not successive if the initial habeas petition was dismissed for failure to exhaust); Stewart v. Martinez-Villareal, 523 U.S. 637, 643-45 (1998) (a second habeas petition is not successive if the claim raised in the first petition was dismissed by the district court as premature.)

The prior petition in CV-F-01-5961 LJO HC, was dismissed as time-barred by the statute of limitations.  Although a dismissal based on the statute of limitations does not include an examination of the merits of the petition, it nonetheless operates and is equivalent to a final judgment on the merits.  See e.g. Ellingson v. Burlington Northern Inc., 653 F.2d 1327, 1330 n.3 (9th Cir. 1981) ("[a] judgment based on the statute of limitations is 'on the merits', citing Mathis v. Laird, 457 F.2d 926, 927 5th Cir. 1972), cert. denied, 409 U.S. 871 (1972)); In re Marino, 181

F.3d 1142, 1144 (9th Cir. 1999) (explaining that "for res judicata purposes a dismissal on statute of limitations grounds can be treated as a dismissal on the merits.")  A dismissal based on untimeliness under the statute of limitations bars further review of the action.  Therefore, because the prior petition was adjudicated "on the merits", and the instant petition is a "second or successive petition" under § 2244(b).

Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file his successive petition attacking the conviction.  That being so, this Court has no jurisdiction to consider Petitioner's renewed application for relief from that conviction under Section 2254 and must dismiss the petition.  See Greenawalt, 105 F.3d at 1277; Nunez, 96 F.3d at 991.  If Petitioner desires to proceed in bringing this petition for writ of habeas corpus, he must file for leave to do so with the Ninth Circuit Court of Appeals.  See 28 U.S.C. § 2244 (b)(3).

**RECOMMENDATION**

Accordingly, IT IS HEREBY RECOMMENDED that the petition for writ of habeas corpus be DISMISSED, without prejudice, as a successive petition.

These Findings and Recommendations are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     April 25, 2006                    /s/ Dennis L. Beck
3b142a                                      UNITED STATES MAGISTRATE JUDGE